

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAG/JPN
F.#2008R01486

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 24, 2010

VIA ELECTRONIC FILING
The Honorable Raymond J. Dearie
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Philip Barry
>        Criminal Docket No. 09-833 (RJD)

Dear Judge Dearie:

The government respectfully writes n advance of tomorrow's pretrial conference to alert the Court as to certain issues concerning the defendant Philip Barry's proposed expert, William Rieber.  The government intends to discuss these issues in greater detail at tomorrow's conference.

As the Court is aware, Barry is charged with running a classic Ponzi scheme.  While soliciting new investments, Barry told prospective clients that he invested only in stock options, and that those investments were always profitable.  In fact, Barry guaranteed that the investments would grow at rate of at least 12.55% annually.  To further the scheme, Barry sent clients quarterly account statements, which confirmed that the investments were growing at the promised rate.  In reality, Barry did not invest his clients' money.  Instead, he used their funds to pay returns owed to other investors and to pay his personal expenses, to buy real estate, and for other improper purposes.

At trial, the government expects the central issue to be whether Barry had the requisite intent to defraud his clients. The government expects Barry to argue that the value of his ownership interest in certain property in Sullivan County exceeded the value of his clients' investments, and that, as a result, he somehow lacked the intent to defraud.

In an attempt to further his argument, on September 23, 2010, Barry notified the government of his intention to call Mr. Rieber as an expert witness at trial.  Barry explained that Mr. Rieber would testify as to the value of certain real estate that Barry owned at the time Barry declared bankruptcy.[1] Specifically, Barry indicated that Mr. Rieber would testify about unique aspects of Barry's property, and that "prime development property in the area of Barry's holdings has at times sold for $20,000 to $25,000 per acre."  (Def.'s 9/23/10 Let.).

Three weeks ago, on October 3, the government requested, pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, a written summary of Mr. Rieber's expected testimony, including his opinions, the bases and reasons for those opinions, and Mr. Rieber's qualifications.  (Govt.'s 10/3/10 Let.).

Yesterday, in response to the government's request, Barry disclosed that Mr. Rieber will testify that "in his opinion, Mr. Barry's final holdings [of real property] auctioned in bankruptcy, <u>if properly developed and liquidated</u>, were worth $50,000 per half-acre on average, or $160 million."  (Def.'s 10/23/10 Let. at 1; emphasis added).  Barry further stated that Mr. Rieber's "$50,000 per lot price is predicated on the lots being made 'building ready,' meaning that roads, sewer systems, utilities and zoning permits would be in place . . . [and] Mr. Rieber will discuss the costs associated with developing [the] property to this stage."  (<u>Id</u>. at 1-2).  As explained below, based on the disclosures made thus far, the government has several concerns about the admissibility of Mr. Rieber's proposed testimony.

First, Mr. Rieber's testimony is not relevant to any fact at issue.  <u>See</u> Fed. R. Evid. 401, 702.  Mr. Rieber's proposed opinion as to the value of property <u>at some point in the future</u> is not related to the time period of the alleged conduct, and it clearly has no bearing on Barry's state of mind at the time he carried out his fraud.  Moreover, the evidence at trial will not support any contention by Barry that the real estate was bought by, and for the benefit of, Barry's clients.  Furthermore, it appears that Mr. Rieber's testimony is based on assumptions that have not yet occurred (i.e., the proper development and liquidation of the land).  As a result, Mr. Rieber's testimony is

---

[1] Barry no longer has any interest in the property.  After Barry declared bankruptcy in 2008, the properties were sold at auction.

speculative and will likely confuse the jury.  See Fed. R. Evid. 403.

Second, Mr. Rieber has a preexisting relationship with Barry.  Mr. Rieber, as well as members of his family, have been involved in real estate transactions concerning Barry.  Moreover, it appears that Mr. Rieber, in his role as member of a local town board in Sullivan County, might have had direct and indirect dealings with Barry relating to Barry's properties.

Third, Mr. Rieber has never before been qualified as an expert witness.  Although Mr. Rieber has experience as a real estate broker, surveyor, and town board member, it does not appear that he has any experience with cost estimates or project management associated with large-scale developments.  Therefore, there exists a real question as to whether he would be competent to testify about such matters as an expert witness.

Fourth, it appears that Mr. Rieber owns a large parcel of property located near Barry's land, raising serious questions about whether he could provide an objective assessment of the value of Barry's real estate.

*     *     *

In summary, given the number and nature of these issues, the government hereby requests a hearing pursuant Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  In addition, the government will likely move to preclude Mr. Rieber's testimony.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney


By:   /s/ John N. Nowak
      Jeffrey A. Goldberg
      John P. Nowak
      Assistant U.S. Attorneys
      (718) 254-7579/6097


cc:  Defense Counsel (via ECF)